```
                         United States Bankruptcy Court
                         Eastern District of Pennsylvania
In re:                                                      Case No. 18-10383-amc
David W. Reynolds                                           Chapter 13
Shannon M. Reynolds
       Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2         User: ChrissyW             Page 1 of 1              Date Rcvd: Apr 15, 2019
                             Form ID: pdf900            Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 17, 2019.
db/jdb         +David W. Reynolds,    Shannon M. Reynolds,    9636 Convent Avenue,    Philadelphia, PA 19114-3604

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 17, 2019                                        Signature:  /s/Joseph Speetjens

_____

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 15, 2019 at the address(es) listed below:
              JEROME B. BLANK    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
              JOHN L. MCCLAIN    on behalf of Joint Debtor Shannon M. Reynolds aaamcclain@aol.com,
               edpabankcourt@aol.com
              JOHN L. MCCLAIN    on behalf of Debtor David W. Reynolds aaamcclain@aol.com,   edpabankcourt@aol.com
              KEVIN G. MCDONALD    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
              ROBERT J. DAVIDOW    on behalf of Creditor    Ditech Financial LLC robert.davidow@phelanhallinan.com
              THOMAS YOUNG.HAE SONG    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shannon M. Reynolds<br>David W. Reynolds<br>            Debtor | | CHAPTER 13 |
| Ditech Financial LLC<br>            Movant<br>vs. | | NO. 18-10383 AMC |
| Shannon M. Reynolds<br>David W. Reynolds<br>            Debtors | | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>            Trustee | | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,188.96,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2018 to March 2019 at $1,072.06/month |
| Suspense Balance: | $171.34 |
| **Total Post-Petition Arrears** | **$5,188.96** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 1, 2019 and continuing through September 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,072.06** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$864.83 from April 2019 to August 2019 and $864.81 for September 2019** towards the arrearages on or before the last day of each month at the address below;

DITECH FINANCIAL LLC
P.O. BOX 0049
Palatine, IL 60055-0049

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 12, 2019                By: /s/ Kevin G. McDonald, Esquire
                                        Attorney for Movant

Date: 4/5/19
                                        John L. McClain, Esquire / Mitchell Prince ESQ.
                                        Attorney for Debtors

Date: 4-8-19
                                        JMck William C. Miller, Esquire
                                        Chapter 13 Trustee

                                        No objection

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

**Date: April 15, 2019**

_____
Bankruptcy Judge
Ashely M. Chan